441 A.2d 1242

COMMONWEALTH of Pennsylvania ex rel.
Margaret HEIMBROOK

v.

Wayne HEIMBROOK, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 24, 1981.

Filed Feb. 16, 1982.

Arthur B. Siegel, Public Defender, Milford, for appellant.

Steven R. Guccini, Assistant District Attorney, Paupack, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

Wayne Heimbrook was found to be in contempt of court for failing to pay a support order and was sentenced to serve

six months in prison unless he purged himself by paying $250.00 on account of accumulated arrearages. On appeal, he complains (1) that he was not afforded the procedural protections guaranteed by Criminal Procedural Rules 1401 et seq. and (2) that the trial court imposed conditions for purging with which he cannot presently comply. We will examine separately each of these contentions.

On May 2, 1978, pursuant to a petition filed under the Civil Procedural Support Law of July 13, 1953, P.L. 431, 62 P.S. § 2043.31 et seq.,[1] the Court of Common Pleas of Pike County entered an order directing appellant to pay the sum of $20.00 per week for the support of his three minor children. There was no appeal from that order. Appellant refused to comply with the order, however, and he was found in contempt on July 17, 1978, September 5, 1978, and February 26, 1980. On all of those occasions, appellant purged himself by complying with conditions decreed by the court. In February, 1980, changed circumstances caused the order to be modified to require appellant to pay the sum of $10.00 per week for the support of one son. He was ordered also to pay the sum of $20.00 per week on account of accumulated arrearages.

On July 1, 1980, appellant was again before the court, charged with contempt. At that time, testimony disclosed that appellant had failed to make payments and, despite an employment opportunity with the Pike County CETA office, had refused to report for work. At a final hearing on July 8, 1980, appellant's unjustified refusal to report for work was confirmed. Appellant was thereupon found in contempt and sentenced in the manner hereinbefore recited. This appeal followed.

The enforcement provisions of the Civil Procedural Support Law appear at 42 Pa.C.S. § 6708(a) wherein it is provided:

"A defendant who willfully fails to comply with any order under this subchapter . . . may, after hearing, be ad-

---

1. The provisions of the Civil Procedural Support Law are now contained in 42 Pa.C.S. § 6701 et seq.

judged in contempt and committed to prison by the court."

Such contempt proceedings are civil in nature. In *Barrett v. Barrett*, 470 Pa. 253, 368 A.2d 616 (1977), Chief Justice Eagen wrote for the Supreme Court: "[T]he purpose of [the Civil Procedural Support Law] clearly is to provide a civil mechanism for effecting compliance with the duty of support. Accordingly, the trial court, after finding [husband] in contempt of its orders of support, imposed conditional sentences of imprisonment in order to coerce him into compensating his children for the arrearages accumulated in the past and providing the support due them in the future. The contempts thus were clearly civil." *Barrett v. Barrett*, id., 470 Pa. at 260, 368 A.2d at 619.

 In the instant case the court complied fully with statutory and other procedural safeguards. It held a hearing; it found that appellant had willfully failed to comply with its previous order; and it imposed a coercive, conditional sentence. It was not necessary that the trial court await a presentence investigation before imposing sentence or state on the record the reasons for the sentence as required in criminal cases by Pa.R.Crim.P. 1405.

In *Barrett*, the Supreme Court held that when imposing a coercive sentence following a finding of civil contempt, the hearing judge should set conditions for purging the contempt "with which it is convinced *beyond a reasonable doubt*, from the totality of the evidence before it, the contemnor has the present ability to comply." *Barrett v. Barrett*, supra, 470 Pa. at 264, 368 A.2d at 621. "[A] court may not convert a coercive sentence into a punitive one by imposing conditions that the contemnor cannot perform and thereby purge himself of the contempt." *Barrett v. Barrett*, id., 470 Pa. at 262, 368 A.2d at 620. See also: *Kramer v. Kelly*, 265 Pa.Superior Ct. 58, 65, 401 A.2d 799, 802 (1979).

 In the instant case the trial court found upon substantial evidence that appellant was an "able-bodied man, quite capable of working" and paying the modest support order

which had been entered against him. The record supports fully the court's finding that appellant was in contempt. However, the same record fails to disclose that appellant has the present ability to comply with the conditions imposed by the court for purging himself of contempt. It does not disclose whether he owns property or has income in any amount. However, it does reveal that he is unemployed and receiving public assistance. He argues, as he did in the trial court, that he is unable to comply with the court's condition. Thus, while a coercive sentence is wholly appropriate in this case, the record does not support, and the trial court did not find, a present ability on the part of appellant to purge himself by making an immediate payment of $250.00. Consequently, the sentence appears to be punitive and not coercive. *Barrett v. Barrett,* supra.

Upon remand, the trial court may, if it deems it necessary, receive additional evidence to assist it in determining appropriate coercive conditions. Those conditions, however, must be such with which the court is "convinced *beyond a reasonable doubt,* from the totality of the evidence before it, the contemnor has the present ability to comply." *Barrett v. Barrett,* supra 470 Pa. at 264, 368 A.2d at 621.

The order of the trial court is vacated, and the case is remanded for further proceedings consistent with this opinion.