489 A.2d 266

**Arlene DURANT**

v.

**Mike DURANT, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 21, 1984.

Filed March 8, 1985.

---

See also, 294 Pa.Super. 202, 439 A.2d 821.

Charles C. Gentile, Uniontown, for appellant.

Anne N. John, Uniontown, for appellee.

Before BROSKY, ROWLEY and JOHNSON, JJ.

JOHNSON, Judge:

Mike Durant was found to be in willful contempt of court for failing to pay a support order. He was sentenced to imprisonment unless he purged himself by paying $4,766.00 in arrearages within ten days of the October 25, 1983 contempt order. On appeal, he argues (1) that the order of the court amounted to a criminal contempt citation, requiring procedural safeguards in sentencing, and (2) that the record does not disclose that he had the present ability to comply with the conditions imposed by the court for purging himself of contempt, making the confinement punitive and not coercive. We find the citation to be clearly civil and affirm the order of contempt, but remand that portion of the order requiring payment of $4,766.00 because we do not find sufficient evidence to indicate beyond a reasonable doubt that the contemnor has the ability to comply.

On June 29, 1978, appellant was directed to pay the sum of $300.00 per month for the support of his wife, Arlene Durant, and minor son, Michael Wilson Durant. Subsequent petitions to decrease and increase the award were denied. After accumulation of substantial arrearages, a petition was filed by Arlene Durant for a rule to issue on appellant to show cause why he should not be held in contempt. A hearing was held on the petition on May 24, 1983, wherein it was determined that Mike Durant was making payments in the area of $104.00 to $106.00 per month, approximately one-third of the original support order. Appellant testified at this time that he had no ownership interest in Durant's Tavern, and only worked there part-time for his brother at an average income of $60.00 to $80.00 per week. Further, it was stated that Durant had not filed an income tax return in the preceding five years.

The trial judge rescheduled the matter and directed the accountant for the tavern and appellant's brother to appear for a hearing on September 8, 1983. At this hearing, the accountant testified that he prepared income tax returns

and kept the books for Mike Durant on behalf of Durant's Tavern. It was also established that appellant was entitled to operate, pay all expenses, and keep all profits from the tavern, although the liquor license was in his brother's name. Based on this testimony, the court found that Mike Durant was in fact the owner and operator of Durant's Tavern, receiving all income and profits, and that he had "willfully and deliberately perjured himself . . . to avoid his obligations for support of his wife and child". Opinion in Support of Order of October 25, 1983, 12/19/83 at 3. He was found in contempt and the court directed that he pay $4,766.00 to purge himself, or be committed to the Fayette County Jail. Appellant failed to make payment and brought this appeal.

■ Appellant argues that the court was "outraged" by his behavior and, therefore, the citation imposed was criminal in nature. However, this Court has held that "the purpose of a criminal contempt is to vindicate the dignity and authority of the court and to protect the interests of the general public. The purpose of a civil contempt, in contrast, is 'to enforce compliance with an order of court for the benefit of the party in whose favor the order runs.' " *Commonwealth v. Falkenham,* 306 Pa.Super. 330, 343–44, 452 A.2d 750, 757 (1982), *quoting Commonwealth v. Marcone,* 487 Pa. 572, 577, 410 A.2d 759, 762 (1980). *See also Barrett v. Barrett,* 470 Pa. 253, 260, 368 A.2d 616, 619 (1977) ["It is well-settled that where the dominant purpose of the contempt proceeding is to aid a private litigant or interest rather than to vindicate the authority of the court or to protect the public interest, the contempt is civil." (citations omitted)]. We find the trial judge's "dominant purpose" in holding appellant in contempt was clearly to coerce compliance for the benefit of Arlene Durant rather than to punish appellant for his behavior in court.

The enforcement provision of the Civil Procedural Support Law, 42 Pa.C.S. § 6708(a), provides: "A defendant who willfully fails to comply with any order under this subchapter . . . may, as prescribed by general rule, be adjudged in

contempt and committed to jail by the court." *See also* Pa.R.C.P. 1910.20–21. In *Commonwealth ex rel. Heimbrook v. Heimbrook,* 295 Pa.Super. 300, 441 A.2d 1242 (1982), we held such contempt proceedings to be civil in nature. There, as here, we found that the trial court had complied fully with the necessary statutory and procedural safeguards, and the sentencing requirements of Pa.R. Crim.P. 1405 need not be applied.

In *Heimbrook, id.,* we went on to apply the principles set forth in *Barrett v. Barrett, supra,* wherein our supreme court determined that in imposing a coercive sentence upon a finding of civil contempt, the court must set conditions for purging the contempt "with which it is convinced *beyond a reasonable doubt,* from the totality of the evidence before it, the contemnor has the present ability to comply." *Id.* 470 Pa. at 264, 368 A.2d at 621 (emphasis in original). The record in *Heimbrook* failed to disclose that appellant was able to comply with the conditions imposed by the court for purging himself of contempt, and we remanded for a determination of appropriate coercive conditions.

■ Similarly, in the instant case, a totality of the evidence supports a conclusion that Mike Durant operates Durant's Tavern and is entitled to all proceeds therefrom, but his accountant testified that the net profit of the business in 1982 was $1,848.10. N.T., 9/8/83 at 6. There must be sufficient evidence from which the trial court may find beyond a reasonable doubt that appellant has the present ability to purge himself of the contempt citation. After a thorough review of the entire record, however, we find nothing further to indicate that appellant has access to the sum of $4,766.00 or may readily obtain that amount.

As stated in *Barrett, id.,* 470 Pa. at 262, 368 A.2d at 621, "a court may not convert a coercive sentence into a punitive one by imposing conditions that the contemnor cannot perform and thereby purge himself of the contempt." The trial court must therefore establish what conditions, when imposed upon Mike Durant, will be sufficiently coercive.

Upon remand, the court may, if necessary, receive additional evidence to assist in its determination.

Appellant failed to fully meet his support obligations and accumulated substantial arrearages, justifying the trial court's finding of civil contempt. There is not sufficient evidence in the record, however, from which we can conclude that contemnor can comply with the conditions imposed by the trial court. We must therefore vacate that portion of the order which requires that appellant pay the sum of $4,766.00 to purge himself of contempt, and remand for further findings of fact or other proceedings to determine what conditions will be sufficiently coercive yet enable appellant to comply.

The finding of contempt is affirmed. The order directing payment of $4,766.00 is vacated. The action is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.