Rebecca A. HYLE, Appellee,

v.

**Logan Bruce HYLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 16, 2004.

Filed Feb. 8, 2005.

---

Jessica B. Rhoades, Carlisle, for appellant.

Derek R. Clepper, Carlisle, for appellee.

BEFORE: KLEIN, PANELLA, and JOHNSON, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Logan B. Hyle, appeals from the order entered on February 10, 2004, by the Honorable Edgar B. Bayley, Court of Common Pleas of Cumberland County, finding him in civil contempt for failure to pay spousal and child support.

¶ 2 On appeal, Appellant raises only one issue for our review:

DID THE COURT ERR WHEN IT GAVE [APPELLANT] A PURGE CONDITION, FOLLOWING A FINDING OF CIVIL CONTEMPT, THAT IT WAS NOT SATISFIED BEYOND A REASONABLE DOUBT THAT [APPELLANT] HAS THE *PRESENT ABILITY* TO MEET?

Appellant's Brief, at 5 (emphasis in original). After careful review, we affirm in part and vacate and remand in part.

¶ 3 As will be discussed in greater detail below, the trial court's finding of civil contempt stems from Appellant's steadfast refusal to pay court-ordered spousal and child support. Appellant refuses to find employment and, in an obvious effort to avoid payment of the support, has spent the last few years in prison as he has been repeatedly found in contempt of court for his failure to meet his support obligation. Appellant has, however, appealed from the most recent adjudication of contempt arguing, as noted, that the trial court erred by setting a condition for a purge that he cannot presently meet.

¶ 4 The record reveals that on January 5, 2000, the trial court entered an order directing Appellant to pay $1,100.00 per month in support and arrearages for both his son, Andrew C. Hyle, born on June 2, 1987, and his wife, Rebecca A. Hyle.[1] *See* Interim Support Order, 1/5/00. Shortly after the support order was entered, Appellant quit his job as a truck driver and thereafter made no support payments. *See* Trial Court Opinion, 4/16/04, at 1; N.T., 2/9/04, at 5.

¶ 5 Due to Appellant's failure to furnish payments in accordance with the support order, the Cumberland County Domestic Relations Section ("Domestic Relations") filed several petitions for contempt within the last few years. Upon the filing of each petition for contempt, the trial court adjudicated Appellant in civil contempt of the support order and sentenced Appellant, each time, to six months imprisonment.[2] *See* Trial Court Opinion, 4/16/04, at 2. The trial court, in its orders adjudicating Appellant in civil contempt, has always set a monetary amount as the condition for a purge.[3] Appellant has never paid to be purged of contempt, and thus, has been in prison for the past few years. N.T., 2/9/04, at 2.

¶ 6 The latest petition for contempt was filed by Domestic Relations on January 13, 2004, and alleged that Appellant has failed to maintain employment and has not paid his monthly support obligation. *See* Petition for Contempt, 1/13/04. The trial court conducted a hearing on the contempt petition on February 9, 2004, at which time Appellant was represented by an assistant public defender.

¶ 7 At the hearing, it was noted that Appellant owed $32,386.00 in arrears and that Appellant had been in prison for three (3) years and eight (8) months for his failure to pay support. N.T., 2/9/04, at 2. Appellant testified that his only assets were $21.00, which was in his prison account, and a 1987 Crown Victoria motor vehicle. *Id.*, at 4. Appellant also noted that while he has been eligible for work release since his imprisonment, he does

---

1. In the past, there have been modifications to the amount of support Appellant must pay, the most recent modification being that Appellant has been ordered to pay $502.00 per month. *See* Interim Support Order, 6/26/03.

2. Appellant was held in civil contempt on November 20, 2000, May 21, 2001, November 19, 2001, April 22, 2002, October 14, 2002, March 13, 2003, and August 18, 2003. *See* Trial Court Opinion, 2/9/04, at 1.

3. The purge amount has always been $2,500.00 except for the November 20, 2000 order which was for $1,000.00. *See id.*, at 2.

not "want to go to work." *Id.*, at 5–6. The trial court asked him if his reason for not working was because he does not want to pay child support, to which Appellant responded, "No. I just don't want to go to work." *Id.*, at 6.

¶ 8 At the conclusion of the hearing, the trial court stated:

> I will set a purge that he can make quickly if he works. He has refused to work. I will enter an order adjudicating defendant in contempt. I will sentence him to a period of six months in the Cumberland County Prison with a condition of purge that he pay $2,500.00, and order work release.
>
> Get out on work release. You will have it done, and you will be out soon.

*Id.*, at 7.

¶ 9 The trial court subsequently entered an order on February 10, 2004, finding Appellant in civil contempt and sentencing him to a period of six (6) months in prison and setting a $2,500.00 purge. On February 23, 2004, the trial court entered an order making Appellant eligible to participate in the Cumberland County Prison's work release program. This timely appeal followed.

¶ 10 Our scope of review when considering an appeal from an order holding a party in contempt of court is narrow: We will reverse only upon a showing of an abuse of discretion. *See Diamond v. Diamond*, 792 A.2d 597, 600 (Pa.Super.2002). The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. *See Lachat v. Hinchcliffe*, 769 A.2d 481, 487 (Pa.Super.2001).

¶ 11 The purpose of a civil contempt order is to coerce the contemnor to comply with a court order. *See Gunther v. Bolus*, 853 A.2d 1014, 1016 (Pa.Super.2004), *appeal denied* 578 Pa. 709, 853

A.2d 362 (2004). Punishment for contempt in support actions is governed by 23 Pa. C.S. § 4345. Section 4345 provides that

> (a) **General rule.**—A person who willfully fails to comply with any order under this chapter, except an order subject to section 4344 (relating to contempt for failure of obligor to appear), may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:
>
> (1) Imprisonment for a period not to exceed six months.
>
> (2) A fine not to exceed $1,000.
>
> (3) Probation for a period not to exceed one year.
>
> (b) **Condition for release.**—An order committing a defendant to jail under this section shall specify the condition the fulfillment of which will result in the release of the obligor.

23 Pa.C.S. § 4345.

¶ 12 To be found in civil contempt, a party must have violated a court order. *See Garr v. Peters*, 773 A.2d 183, 189 (Pa.Super.2001). Accordingly, the complaining party must show, by a preponderance of the evidence, that a party violated a court order. *See Sinaiko v. Sinaiko*, 445 Pa.Super. 56, 664 A.2d 1005, 1009 (1995). The alleged contemnor may then present evidence that he has the present inability to comply and make up the arrears. *See Barrett v. Barrett*, 470 Pa. 253, 264, 368 A.2d 616, 621 (Pa.1977); *see also, Sinaiko*, 664 A.2d at 1009. When the alleged contemnor presents evidence that he is presently unable to comply

> the court, in imposing coercive imprisonment for civil contempt, should set conditions for purging the contempt and effecting release from imprisonment with which it is convinced *beyond a reasonable doubt*, from the totality of the

evidence before it, the contemnor has the present ability to comply.

*Barrett,* 470 Pa. at 264, 368 A.2d at 621 (emphasis in original); *see also, Sinaiko,* 664 A.2d at 1010.

■ ¶ 13 In the case *sub judice,* it is evident from our review of the record that the trial court's finding of contempt was warranted. As mentioned, the trial court entered an order on January 5, 2000, which required Appellant to make monthly payments to support his wife and child. Appellant quit his job as a truck driver shortly after the support order was entered. N.T., 2/9/04, at 3. Appellant has never complied with the support order in that he has not made a single monthly payment and, as a result, he has accumulated substantial arrearages totaling $32,386.00. *Id.,* at 2. Thus, the evidence fully supports the trial court's finding that Appellant willfully violated a court order.

■ ¶ 14 We find, however, that the trial court erred in setting the purge at $2,500.00. Appellant does not have the present ability to pay a $2,500.00 purge. As noted, based on the evidence in the record, Appellant testified that his only assets were $21.00 in his prison account and a 1987 Crown Victoria motor vehicle.[4] N.T., 2/9/04, at 3–4. Despite his present inability to pay the $2,500.00, the trial court maintained that the purge "is well within [Appellant's] means to accomplish by working for a short period of time." Trial Court Opinion, at 4. Additionally, the trial court ordered Appellant eligible for work release so that he can obtain employment. Thus, Appellant's ability to comply with the purge set by the trial court will only occur sometime in the future; Appellant must first secure employment and then earn $2,500.00 to pay the purge amount.

■ ¶ 15 The law in this Commonwealth is, however, that the trial court must set the conditions for a purge in such a way as the contemnor has the **present ability** to comply with the order. *See, e.g., Barrett,* 470 Pa. at 265, 368 A.2d at 622 (reversing contempt order where alleged contemnor had no present ability to pay purge amount); *Muraco v. Pitulski,* 470 Pa. 269, 273, 368 A.2d 624, 626 (1977) (reversing contempt order where there was no evidence that alleged contemnor had present ability to pay purge amount on day of contempt hearing); *Commonwealth ex rel. Heimbrook v. Heimbrook,* 295 Pa.Super. 300, 441 A.2d 1242, 1244 (1982) (vacating contempt order where record did not support finding that alleged contemnor had "a present ability to purge himself by making an immediate payment"); *Durant v. Durant,* 339 Pa.Super. 488, 489 A.2d 266, 268 (1985) (vacating order directing payment of purge amount where there was "nothing to indicate that appellant has access to [purge] sum ... or may readily obtain that amount"); *Travitzky v. Travitzky,* 369 Pa.Super. 65, 534 A.2d 1081, 1086 (1987) (vacating order directing payment of purge amount where there was insufficient evidence that alleged contemnor had present ability to pay purge amount on day of contempt hearing); *Wetzel v. Suchanek,* 373 Pa.Super. 458, 541 A.2d 761, 764 (1988) (reversing trial court's imposition of 60 day sentence for finding of civil contempt where the only way appellant could purge

---

4. Appellant testified that he does not know the value of the motor vehicle. N.T., 2/9/04, at 4. We also note that Appellee suggests that Appellant could secure a loan on his pension to pay the purge. *See* Appellee's Brief, at 9. The record does not disclose that Appellant has a pension or retirement account. At the hearing, with regard to retirement, all that transpired was that the trial court asked Appellant, "Do you have a retirement[ ]" and Appellant responded "Yes." N.T., 2/9/04, at 3.

himself of sentence was by obtaining employment and remanding for trial court to impose a purge which was within appellant's present ability to comply with); *Calloway v. Calloway,* 406 Pa.Super. 454, 594 A.2d 708, 710 (1991) (affirming trial court's decision to not impose a contempt order where alleged contemnor's "present situation" was such that he could not pay purge amount).

¶ 16 In this case, the trial court has imposed a condition for a purge which Appellant does not have the present ability to meet. "[A] court may not convert a coercive sentence into a punitive one by imposing conditions that the contemnor cannot perform and thereby purge himself of the contempt." *Barrett,* 470 Pa. at 262, 368 A.2d at 621.

¶ 17 While we empathize with the trial court in its apparent frustration in dealing with Appellant, in a civil contempt proceeding a purge must be fashioned which the alleged contemnor has the present ability to meet. In this case, as there is no evidence in the record that Appellant had the present ability to comply with the order, i.e., pay the purge amount, we are constrained to vacate the contempt order directing payment of $2,500.00 and remand for the trial court to determine what conditions will be sufficiently coercive yet enable Appellant to comply with the order. Upon remand, the trial court is free to receive additional evidence to assist it in its determination. Of course, the trial court is also free to choose to adjudicate Appellant for indirect criminal contempt, provided that Appellant is afforded all of the procedural rights and safeguards afforded to criminal defendants.

¶ 18 Order affirmed in part and vacated in part. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

¶ 19 Judge JOHNSON concurs in the result.

