J-A13001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JANE GOLDBERG LANDAU | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELIAS B. LANDAU | |
| Appellant | No. 1954 EDA 2016 |

Appeal from the Order Entered June 3, 2016
In the Court of Common Pleas of Montgomery County
Domestic Relations at No(s): 2001-24912 Pacses #475104080

BEFORE:  LAZARUS, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 11, 2017**

Elias B. Landau ("Husband") appeals from the order, entered in the Court of Common Pleas of Montgomery County, granting Jane Goldberg Landau's ("Wife") third petition for contempt/enforcement of the parties' agreed order of support and alimony.  After our review, we affirm.

Husband and Wife were married in 1981.  They divorced in 2006.  The divorce decree incorporated the parties' July 22, 2005 Property Settlement Agreement ("PSA").  Pursuant to the PSA, Husband agreed to transfer to Wife $950,000.00 in stock and $150,000.00 in cash, as equitable distribution, by October 23, 2005.  Husband also agreed to pay Wife alimony

_____

[*] Former Justice specially assigned to the Superior Court.

in the amount of $6,480.00 per month until the stock and cash transfers were made.

On March 13, 2006, Wife filed a petition for contempt, averring that Husband never presented the required paperwork from his stockbroker in order to complete the stock transfer. Wife also asserted that Husband failed to make the monthly alimony payments and failed to turn over certain personal property as directed by the PSA.

The parties entered into an agreement on May 2, 2006, which required Husband to continue the $6,480.00 per month alimony payments until the remaining $1.1 million lump sum payments owed to Wife were paid in full. Additionally, Husband was required to sell his condominium in Bala Cynwyd[1] and obtain unclaimed monies from his deceased mother's estate in order to help satisfy this debt.

Husband failed to comply with the May 2, 2006 agreement. On February 25, 2008, Wife filed a second petition for contempt. Wife entered into another agreement with Husband in the form of an Agreed Order for Support. *See* Agreed Order, 4/9/08. Husband agreed to transfer all rights, title and interest in the Bala Cynwyd condominium to Wife by April 30, 2008. Husband also agreed to be responsible for outstanding assessments, to pay

_____

[1] The property is known as 191 Presidential Boulevard, Apartment 415-416, Bala Cynwyd, Pennsylvania.

Wife $100,000.00 in cash, and to refinance or sell another Bala Cynwyd condominium.[2]  The order also set forth a payment schedule, as well as Husband's agreement to refinance or sell another condominium in the same building in order to generate funds to meet his obligations.

Husband again failed to meet his obligations under the order and, on October 27, 2015, Wife filed a third petition for contempt.  Following three days of evidentiary hearings, the court entered an order, dated June 3, 2016, granting Wife's petition.  Husband filed a timely appeal and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Husband raises the following issues for our review:

1. Whether the trial court committed error of law and/or abused its discretion when it refused to grant [Husband] a continuance to obtain counsel where his two paid counsel had withdrawn their appearances without [Husband]'s permission and without leave of court four days and one day prior to trial and where [Husband] suffered from a serious heart condition impairing his ability to represent himself?

2. Whether the trial court committed error of law and/or abused its discretion by refusing to allow [Husband] to cross-examine [Wife] or to testify on direct about matters which would have provided circumstantial evidence of the existence of an oral modification of the Agreed Order for Support/Alimony of April 9, 2008, to it wit, cross-examination regarding [Husband]'s representation of [Wife] in major litigation without charging a fee while also bearing the costs of litigation,[Husband]'s excellent relationship with [Wife]'s family, and the person [Wife] for

_____

[2] The property is known as 191 Presidential Boulevard, Apartment 818-819, Bala Cynwyd, Pennsylvania.

whose benefit [Wife] actually spent funds from the checks [Husband] gave her, and testimony on direct examination about [Wife]'s non-filing of tax returns from 2008 through 2016?

3. Whether the trial court committed error of law/abused its discretion in holding that the checks totaling $423,643.23 that [Husband] paid to [Wife] or paid to her rental agent and her health and dental insurer after April 9, 2008 were not for equitable distribution except for those with memos stating "ED Second Phase?"

4. Whether the trial court committed error of law/abused its discretion in holding [Husband] in contempt of the April 9, 2008 Order for Support/Alimony?

5. Whether the trial court committed error law and/or abused its discretion in awarding attorney's fees to [Wife] and awarding excessive attorney's fees?

Appellant's Brief, at 2-3.

When reviewing an order holding a party in contempt for failure to comply with a court order, our scope of review is narrow: we will reverse only upon a showing the court abused its discretion. **Hyle v. Hyle**, 868 A.2d 601 (Pa. Super. 2005). The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. **Id.**

After careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the trial court's Rule 1925(a) opinion, authored by the Honorable Risa Vetri Ferman, properly disposes of Husband's issues on appeal. **See** Trial Court Opinion, 8/12/16, at 4-13. We, therefore, affirm the trial court's June 3, 2016 order finding Husband in

- 4 -

contempt of the April 9, 2008 court order.[3]  We direct the parties to attach a copy of that opinion in the event of further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2017

_____

[3] The court's order was agreed upon and recited on the record in open court. **See** N.T. Hearing, 4/9/08, at 68-70.

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## FAMILY DIVISION

JANE GOLDBERG LANDAU      :   **Superior Court No.: 1954 EDA 2016**
Appellee/Wife             :

                             :   **Trial Court No.: 2001-24912**

vs.                       :

                             :   **PACES No.: 475104080**

ELIAS BERYL LANDAU        :
Appellant/Husband       :

2001-24912-0170   8 15 2016 12:46 PM   # 10917468
Opinion
Rcpt=Z2837020 Fee:$0.00
Mark Levy - MontCo Prothonotary

**OPINION**

FERMAN, J.                                         **August 12, 2016**

## INTRODUCTION

Appellant, Elias Beryl Landau ("Husband"), appeals to the Superior Court of Pennsylvania from this Court's Order dated June 3, 2016. After evidentiary hearings on April 18, 2016, April 19, 2016, and June 1, 2016, the Court entered an Order on June 3, 2016 granting Appellee's, Jane Goldberg Landau ("Wife"), Petition for Enforcement and Contempt of the April 9, 2008 Agreed Order for Support/Alimony and For Counsel Fees and Sanctions, and found Husband in contempt of the April 9, 2008 Agreed Order for Support/Alimony. On June 20, 2016 Husband filed a timely Notice of Appeal; however, Husband did not file a Concise Statement. On July 13, 2016 the Court ordered Husband to file a Concise Statement pursuant to Pa.R.A.P. 1925(b)(1) no later than twenty-one (21) days. Husband filed his Concise Statement on August 3, 2016. Accordingly, the Court is now filing its Pa.R.A.P. 1925(a) Opinion. The undersigned respectfully requests that the Court's Order dated June 3, 2016 be **AFFIRMED**.

1

## FACTS AND PROCEDURAL HISTORY

The parties were married on December 20, 1981. On August 9, 2006, the Honorable Rhonda Lee Daniele entered a Decree in Divorce incorporating the parties' July 22, 2005 Property Settlement Agreement ("PSA"). Since the parties entered into the PSA, Wife has had to file numerous contempt petitions due to Husband's repeated willful violations of the PSA. Each time, Wife and Husband have compromised and were able to reach agreements. Unfortunately, Husband has continued in his pattern of failing to follow through on the obligations to which he and Wife agreed.

Pursuant to the PSA, Husband agreed to transfer $950,000.00 in stock and $150,000.00 in cash to Wife as equitable distribution by October 22, 2005. Husband agreed to pay Wife $6,480.00 per month in alimony until such time as the two monetary transfers detailed above were made. (See, July 22, 2006 PSA ¶3, 4, 5).

Wife filed a Petition for Contempt on March 13, 2006 alleging, *inter alia*, that Husband never presented paperwork from his stockbroker in order to make the appropriate stock transfer to Wife and failed to make support payments or return certain personal items to Wife as required by the equitable distribution agreement of July 22, 2005. As a result, on May 2, 2006 the parties entered into an agreement on the record. The parties agreed that Husband shall continue making the alimony payments to Wife in the amount of $6,480.00 per month until the remaining lump sum of $1.1 million in equitable distribution payments owed to Wife were paid in full. (N.T. May 2, 2006, p. 24). Additionally, Husband was ordered to sell his condominium, located at 191 Presidential Boulevard, Apartment 415-416, Bala Cynwyd, Pennsylvania and to obtain any unclaimed monies from his deceased mother's estate being held by the Commonwealth of Pennsylvania. (N.T. May 2, 2006, p. 9-10).

On February 25, 2008, Wife filed a second Petition for Contempt alleging, *inter alia*, that Husband had failed to execute payment to Wife in the amount of

$150,000.00 cash, pay support payments, sell a condominium owned by him, and obtain unclaimed money held by the Commonwealth of Pennsylvania, which were all part of the equitable distribution agreement entered into on May 2, 2006. As a result, on April 9, 2009 the parties again entered into another agreement on the record. This time Husband agreed to transfer to Wife all rights, title and interest in the property known as 191 Presidential Boulevard, Apartment 415-416, Bala Cynwyd, Pennsylvania on or before April 30, 2009. Husband was responsible for preparing all the documents for said transfer. Husband also agreed to be responsible for the payment of any outstanding assessments on the property and to pay Wife $100,000.00 in cash. Any proceeds from the sale of the property were to be credited against the additional $100,000.00 that Husband had to pay Wife in equitable distribution. The April 9, 2008 Order also set forth a payment schedule depending on the sale proceeds from the property. Lastly, Husband agreed to refinance or sell another condominium, Apartment 819, in the same building in order to generate the fund to pay the $100,000.00 to Wife.

Husband again failed or refused to follow through with any of his obligations pursuant to the April 9, 2008 Court Order causing Wife to file a third Petition for Contempt on October 27, 2015. After holding three days of evidentiary hearings on April 18, 2016, April 19, 2016, and June 1, 2016, the Court entered the June 3, 2016 Order.

The June 3, 2016 Order granted Wife's petition and found Husband in contempt of the April 9, 2008 Order. As a result, the Court ordered Husband to execute a deed transferring each of the properties located at 191 Presidential Boulevard, Apartments 415-416 and Apartments 818-819, Bala Cynwyd, Pennsylvania ("191 Properties") to Wife. The property transfer was intended to satisfy Husband's obligation to pay Wife the sum of $661,095.00 owed to Wife in equitable

3

distribution, representing the balance of the $700,000.00 for equitable distribution owed to Wife after deducting $38,905.00 in equitable distribution payments that Husband made to Wife from the entry of the April 9, 2008 Order.

The Order also required Wife to list the property for sale at fair market value. Any proceeds from the sale were to be used to pay the balance of Husband's remaining equitable distribution obligation to Wife. Additionally, the Order allowed Wife to act as an attorney-in-fact if Husband failed or refused to sign the deeds over to Wife within seven (7) days. Lastly, the Order gave Husband thirty-days from the entry of the Order to pay any and all liens and/or judgements against the 191 Properties; and to pay Wife's legal fees.

On June 20, 2016 Husband filed a timely Notice of Appeal; however, Husband failed to file a Concise Statement. On July 13, 2016 the Court ordered Husband to file a Concise Statement pursuant to Pa.R.A.P. 1925(b)(1) no later than twenty-one (21) days. Husband filed his Concise Statement on August 3, 2016. Accordingly, the Court is now filing its Pa.R.A.P. 1925(a) Opinion.

## ISSUES

Husband raises the following issues in his Concise Statement filed August 3, 2016. The Court consolidated those issues for clarity.

1. Whether the Court abused its discretion by refusing to grant Husband a short continuance to retain legal counsel.

2. Whether the Court abused its discretion by disallowing Husband to cross examine Wife on a number of issues, mainly: the Obermeyer lawsuit with which Husband assisted Wife; Wife's legal/ancillary work for Husband; why Wife did not file tax returns on money paid to her by Husband; where monies given by Husband were spent by Wife; and Husband's relationship issues with Wife's family.

3. Whether the Court abused its discretion by failing to follow the May 27, 2016 Federal Bankruptcy Order granting Husband's Motion to Reopen Case and for Leave of Court to File a New Case.

4. Whether the Court abused its discretion in refusing Husband to fully explain his serious health condition(s).

5. Whether the Court abused its discretion in holding specific payments made by Husband to Wife were not equitable distribution payments.

6. Whether the Court abused its discretion in finding Husband in Contempt and in imposing attorney's fees as part of the sanctions imposed on Husband.

## DISCUSSION

**1. The Court did not abuse its discretion by refusing to grant Husband a short continuance to retain legal counsel.**

An "abuse of discretion is not merely an error of judgement; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused." *Depp v. Holland*, 636 A. 2d 204, 205-06 (1994). A finding that "the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Portugal v. Portugal*, 798 A.2d 246, 249 (Pa. Super. Ct. 2002). The law is well settled that there is no right to counsel in civil cases. *Rich v. Acrivos*, 815 A.2d 1106, 1108 (Pa. Super. Ct. 2003)(internal citation omitted).

Here, Husband -- a practicing attorney for "virtually 50 years" -- entered his appearance *Pro Se* on December 11, 2015. The matter was scheduled for a Short List Hearing on January 18, 2016. On January 18, 2016 the matter was continued for 60 days to be scheduled for a settlement conference by chambers. Husband was represented by counsel at the short list on January 18, 2016. On March 29, 2016, the

5

undersigned scheduled the matter for a 1/2 day protracted hearing on April 18, 2016. Even though Husband was represented by counsel, he continued to represent himself in many instances as a *Pro Se* litigant by communicating with the Court. Husband, an attorney for "virtually 50 years," had at least four (4) months notice of the trial/settlement date. The Court did not abuse its discretion in denying Husband's request for a continuance to retain additional legal counsel as the Court did not override or misapply the law, nor was Husband prejudiced by the Court denial of his continuance request.

**2. The Court did not abuse its discretion by disallowing Husband to cross examine Wife on specific issues, mainly: the Obermeyer Law suit Husband assisted Wife with; Wife's legal/ancillary work for Husband; why Wife did not file tax returns on money paid to her by Husband; where monies were spent by Wife; and the relationship issues Husband had with Wife's family.**

"The admission of evidence is within the sound discretion of the trial court and [the Superior Court] [reviews] the trial court's determinations regarding the admissibility of evidence for an abuse of discretion." *Conroy v. Rosenwald*, 940 A.2d 409, 417 (Pa. Super. Ct. 2007)(internal citations omitted). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *Id.* "The trial court's rulings regarding the relevancy of evidence will not be overturned absent an abuse of discretion." *Id.* For evidence to be admissible, it must be competent and relevant. *Id.* Moreover, on the issues of credibility and weight of the evidence, the appellate court should "defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." *American Future Systems, Inc. v. BBB*, 872 A.2d 1202, 1212 (Pa.Super.2005), affirmed, 592 Pa. 66, 923 A.2d 389 (2007).

Here, the issue was whether Husband was in contempt of the April 9, 2008 Order. The Court found that Wife did or did not file tax returns on money paid to her by Husband was of no relevance to whether Husband was in contempt of the April 9,

6

2008 Order. The relationship issues Husband had with Wife's family, if any, are of no relevance to whether Husband was in contempt of the April 9, 2008 Order. As for Wife's legal/ancillary work for Husband, the Court allowed Husband to question Wife on those issues. In fact, Wife's attorney even questioned Wife and Husband on cross and direct examinations regarding Wife's legal/ancillary work for Husband. Additionally, Husband proffered testimony from an employee at Husband's law firm who testified to Wife's legal/ancillary work for Husband.

Husband was also permitted by the Court multiple times to question Wife about the Obermeyer lawsuit and Wife's attorney questioned Husband about his work on the Obermeyer lawsuit during cross-examination. Lastly, as it pertains to where Wife spent the monies given to her by Husband, there is absolutely no evidence of record to substantiate that Husband was prevented from offering such evidence. In fact, the evidence of record demonstrated that Husband would write Wife check as reimbursement for her legal/ancillary work, Ben (their son), equitable distribution, and miscellaneous items such as Meals on Wheels. Unless the checks stated equitable distribution (or ED) on the memo line of the check, according to Husband and Wife, the checks were reimbursing Wife for money she already spent or money she was owed for her legal/ancillary work. Accordingly, the Court did not abuse its discretion.

**3. The Court did not abuse its discretion by failing to follow the May 27, 2016 Bankruptcy Order granting Husband's Motion to Reopen Case and for Leave of Court to File a New Case.**

On Wednesday, June 1, 2016, Husband stated that he had filed for bankruptcy protection over the weekend prior to the hearing and submitted to the Court a Federal Bankruptcy Order. (N.T. June 1, 2016 p. 3). The Bankruptcy Order was entered by the United States Bankruptcy Court of the Eastern District of Pennsylvania on May 27, 2016; three business days prior to the June 1, 2016 hearing. The Order was in

response to Husband's Motion to Reopen Case and for Leave of Court to File a New Case.

The Bankruptcy Court granted Husband's motion subject to certain conditions. Pursuant to the Order, the filing of a new bankruptcy case ("New Case") was conditioned upon and accompanied by: the Husband's chapter 13 plan and all of the schedules and statements required by the rules of the court; a proposed form of order by which the court will grant immediate relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to the Bank of New York Mellon, or its successor in interest, to exercise all of its in rem rights under applicable non-bankruptcy law with respect to the real property located at 820 Roscommon Road, Bryn Mawr, Pa, including enforcement of the judgement in mortgage foreclosure in No. 2016-00344 (C.P. Mtgy.); a proposed form of order by which the court will grant immediate relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to Jane Goldberg Landau for the limited purposes of permitting to prosecute her claim for contempt now pending in the action Landau v. Landau, No. 2002-02386 (C.P. Mtgy.), so as to permit the Court of Common Pleas to determine the merits of and liquidate the amount of her claim, but not to enforce the claim against any property of the bankruptcy estate; and a proposed form order providing that, in the event the New Case is dismissed for any reason, the debtor is prohibited from filing any subsequent bankruptcy case without prior leave of court. (See, Bankruptcy Court Order dated May 27, 2016 filed at Bky. No. 09-18108 ELF). Moreover, the Order states at Paragraph seven (7) that in the event Husband attempts to file the New Case without complying with Paragraph 5, the clerk is instructed to not docket the bankruptcy petition.

Husband claimed at trial that the May 27, 2016 Bankruptcy Court Order "allows for this hearing to proceed...but not to enforce the claim against any property of the bankruptcy estate." (N.T. June 1, 2016 p. 4). Wife's counsel in response stated

8

that what Husband submitted to the Court was an Order from the Bankruptcy Court entered in response to "a motion to reopen a case and for leave of court to file a new case" filed by Husband (N.T. June 1, 2016 p. 5). Additionally, Wife's counsel argued that a contempt proceeding arising out of a divorce action would be exempt under Section 11 U.S.C. Section 523(15). (N.T. June 1, 2016 p. 6). The Court reviewed the Order on the record and concluded that on its face the Order allowed the Court to proceed with the hearing. The Court deferred its decision regarding Husband's claim that it did not permit the Court to enforce the claim until the conclusion of the trial. By entering its June 3, 2016 Order, the Court denied Husband's request to not enforce Wife's claim.

Under the Federal Bankruptcy Code, "a debt that is in the nature of alimony, maintenance or support of a spouse, former spouse or child of the debtor (a domestic support obligation) is not dischargeable in either a chapter 7 or 13 bankruptcy case." *In re Miller*, 501 B.R. 266, 275 (Bankr. E.D. Pa. 2013)(*See*, 11 U.S.C. §§ 523(a)(5)). Here, pursuant to the PSA, Husband was to transfer $950,000.00 in stock and $150,000.00 in cash to Wife as equitable distribution by October 22, 2005. Husband was also required to pay Wife $6,480.00 per month in alimony until such time as the two monetary transfers detailed above were made. (See, July 22, 2006 PSA ¶3, 4, 5). Subsequent Court Orders, including the April 9, 2009 Order at issue, simply modified how Husband should fulfill his domestic support obligations.

The Court found that the May 27, 2016 Bankruptcy Court Order was a directive to Husband, not the Court, to comply with certain conditions. The May 27, 2016 Bankruptcy Court Order in no way prevented the Court from reaching its decision, although Husband would prefer that this Court assist him in complying with the Order's conditions. Additionally, the Court found that this was a last ditch effort by Husband to prevent the Court from reaching its conclusion: that Husband was in

9

contempt. As such, the Court did not abuse its discretion in denying Husband request to not enforce Wife's Petition for Contempt.

**4. The Court did not abuse its discretion in refusing to permit Husband to fully explain his serious health condition(s).**

As previously stated, "The admission of evidence is within the sound discretion of the trial court and [the Superior Court] [reviews] the trial court's determinations regarding the admissibility of evidence for an abuse of discretion." *Conroy v. Rosenwald*, 940 A.2d 409, 417 (Pa. Super. Ct. 2007)(internal citations omitted). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *Id.* "The trial court's rulings regarding the relevancy of evidence will not be overturned absent an abuse of discretion." *Id.* For evidence to be admissible, it must be competent and relevant. *Id.*

Here, Husband was able to explain his health conditions to the Court on multiple occasions and even testified at length about his health history subsequent to the entry of the April 9, 2008 Order. By way of example, on day one of trial, Husband explained to the Court that he had a serious heart condition. (N.T. April 19, 2016 p. 5). Another example of Husband being able to explain his health conditions to the Court comes while Husband is on cross-examination during which time Husband and Wife's counsel go through Husband's varies health conditions from 2009 to current day. (N.T. June 1, 2016, p. 43-44). Accordingly, the Court did not abuse its discretion in refusing to permit Husband to fully explain his serious health conditions, nor did the Court deny Husband the opportunity to elaborate of his health conditions.

**5. The Court did not abuse its discretion in holding specific payments made by Husband to Wife were not equitable distribution payments.**

An "abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality,

10

prejudice, bias, or ill will, discretion has been abused." *Depp v. Holland*, 636 A. 2d 204, 205-06 (1994). A finding that "the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Portugal v. Portugal*, 798 A.2d 246, 249 (Pa. Super. Ct. 2002). Trial Courts have broad equitable powers to effectuate justice and the appellate court will find an abuse of discretion only if the trial court has misapplied the law or failed to follow proper legal procedures. *Murphy v. Murphy*, 599 A.2d 647, 653 (1991). "The finder of fact is entitled to weigh the evidence presented and assess its credibility." *Id.* "The fact finder is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determination of the court below." *Id.*

Here, there is ample evidence of record demonstrating that Husband specifically labeled his payments to Wife. Husband would write in the memo portion of the check either equitable distribution (or ED), investigation (or invest.), Ben (for the parties' son), and/or miscellaneous expenses for Meals on Wheels or other expenses for Husband that Wife would assist Husband in purchasing. Husband provided a summary of his checks written to Wife since the April 8, 2008 Order to the Court. All the checks were written to Wife. Unless they were labeled equitable distribution or ED, according to Husband and Wife, the checks were reimbursements to Wife for money she has already spent.

Husband's own testimony verified his intent and corroborated the Court's conclusions regarding the payments to Wife. Wife's counsel asked Husband during cross-examination, in regard to the $38,905.00 amount paid to Wife: "Would it surprise you, sir, that that is the amount you paid on checks that, said 'equitable distribution'?" (N.T. June 1, 2016 p. 45). Husband answered "No" in response. (N.T. June 1, 2016 p. 45). Wife's counsel also asked Husband if he was accurate and concise when he labeled the checks. To which Husband responded, "The best I could

under the circumstances." (N.T. June 1, 2016 p. 43-45). Thus, it was reasonable for the Court to conclude that unless equitable distribution or ED was written in the memo portion of the check, Husband was not paying Wife money towards equitable distribution.

Accordingly, the Court did not abuse its discretion in concluding that specific payments made to Wife by Husband were not equitable distribution payments.

**6. Whether the Court erred as a matter of law and/or abused its discretion in finding Husband in Contempt and in imposing attorney's fees as part of the sanctions imposed on Husband.**

The appellate court's scope of review when considering an appeal from an order holding a party in contempt is narrow: the court's order will only be reversed upon a showing of an abuse of discretion. *Childress v. Bogosian*, 12 A.3d 448, 465 (Pa. Super. Ct. 2011). The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. *Id.* To be found in civil contempt, the party must have violated a court order. *Id.* The complaining party must show by a preponderance of the evidence that a party violated a court order. *Id.* The contemnor must have violated the court's order willfully and with wrongful intent. *Id.* at 466.

Here, the Court found Husband in contempt pursuant to Section 3502(e). Section 3502(e)(7) states, "[A]t any time, a party has failed to comply with an order of equitable distribution...the court may, in addition to any other remedy available under this part, in order to effect compliance with its order...award counsel fees and costs." 23 Pa.C.S.A. § 3502(e)(7). Per the Court's June 3, 2016 Order Husband was ordered to pay $16,383.00 to the law firm of Klehr Harrison Harvey Branzburg, LLP by way of certified check for Wife's legal fees. The total amount of counsel fees awarded was based on Wife's counsel Certification of Counsel Fees submitted to the Court. Additionally, pursuant to Section 3502(e)(9), "the court may, in addition to any other remedy available under this part, in order to effect compliance with its order...find the

party in contempt." Per the Court's June 3, 2016 Husband was found in contempt of the April 9, 2008 Order because the evidence of record established that Husband acted willfully and with wrongful intent in violating the Court's Order. Accordingly, the Court did not abuse its discretion in finding Husband in contempt and awarding counsel fees.

## CONCLUSION

Based on the reasons above, the undersigned respectfully requests that the Court's Order dated June 3, 2016 be **AFFIRMED**.

BY THE COURT:

RISA VETRI FERMAN, J

Copy of the above Order:
☒ **Sent via First Class mail to the following:**
Plaintiff's Attorney: Randi Rubin, Esq.
Defendant: Pro Se
☒ **By Interoffice:**
Court Administration: Cheryl Leslie

**Judicial Assistant**