J-S35025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRANDON LENNEX | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEAH JARVIS | : | |
| | : | |
| Appellant | : | No. 1712 WDA 2016 |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARLA TAYLOR | : | |

Appeal from the Order Entered October 7, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s):  No. 2015-176

BEFORE:   LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED AUGUST 17, 2017**

Appellant, Leah Jarvis ("Mother"), appeals from the order entered October 7, 2016, denying her petition against Appellee, Brandon Lennex ("Father"), for contempt of the order entered April 22, 2015, granting Father primary legal and physical custody of their child.  We affirm.

We adopt the following procedural history and statement of facts derived from the trial court's opinion and the record.  Father and Mother

_____

[*] Former Justice specially assigned to the Superior Court.

have a seven-year old son ("Son") who was born on September 2, 2010. The parties never married. Trial Ct. Op. (TCO), 12/23/2016, at 1.

In January 2015, Father filed a complaint for custody and petition for special relief requesting interim physical custody of Son. The court entered an order granting Father primary physical custody and Mother partial custody of the child on the weekends from Friday at 3:00 p.m. to Sunday at 3:00 p.m. *See id.* at 2.

In February 2015, Father filed a second petition for special relief, seeking to modify Mother's right to partial physical custody to supervised visits. The court granted Father's request and limited Mother's physical custody to two three-hour periods per week to be supervised by Try-Again Homes or another supervisor approved by Father. Additionally, the court ordered Mother to submit to a drug test based on her history of drug abuse. Mother failed to comply. *See id.*

On April 6, 2015, Mother did not appear at the court-scheduled custody conciliation conference and hearing before a child custody conference officer. On April 22, 2015, the trial court issued a recommended order granting Father primary legal and physical custody of Son. *See* Recommended Order of Court, 4/22/2015, at ¶¶ 1-2.

Upon consent of the parties, the court granted the petition of Darla Taylor ("Intervenor"), who is Son's maternal grandmother, to intervene and seek partial custody pursuant to 23 Pa.C.S. § 5325. *See* Order, 2/3/2016. In March 2016, Intervenor filed a petition for modification for partial custody

and/or grandparent visitation rights. On April 18, 2016, Mother filed a counterpetition to modify custody.

Upon consideration of Intervenor's motion for emergency custody relief and a hearing, the trial court entered an interim order authorizing Intervenor to serve as supervisor of visits between Mother and Son. *See* Order, 5/4/2015.

In May 2016, Mother filed a petition for contempt against Father, asserting that he acted in contempt of the court's April 2015 recommended order. The court referred Mother's petition to the child custody conference officer pursuant to local rules. TCO at 3. In June 2016, the court granted Intervenor partial physical custody on Saturday evenings and ordered that Mother shall not be present during visits. *See* Interim Order, 6/2/2016.

On August 24, 2016, the court entered a modified custody order. Under its terms, the order provided Intervenor with partial physical custody for increasing lengths of time each week through January 2017. Mother's custody rights were conditional. Initially, Mother was entitled to two hours of supervised visitation on one day per week at Try-Again Homes. Upon successful completion of three, consecutive weekly visits, as well as three, consecutive weekly clean drug tests, Mother could exercise her period of partial custody during the partial custody periods of Intervenor. However, if Mother failed a drug test, she was required to start over to regain her rights to partial custody under Intervenor's supervision. *See* Order, 8/22/2016, ¶¶ 3-4.

Following a hearing in October 2016, the court entered an order denying Mother's petition for contempt. Mother timely appealed and filed a court-ordered 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Mother raises the following issues:

I.      Did the lower court err in dismissing the rule to show cause why [Father] should not be held in contempt for denying [Mother] any contact with the parties child for months?

II.     Can a custody order which provides partial custody "at such times as the parties agree and under the supervision of a supervisor approved by father" be dismissed by the trial court as unenforceable after a custodial parent denies [Mother] any contact with the parties child for months?

Appellant's Br. at 4.

Mother contends that the trial court erred in dismissing her petition to hold Father in contempt for denying Mother any contact with Son. Our standard and scope of review are well-settled.

A court may hold a party in civil contempt for the willful disobedience of a custody order. 23 Pa.C.S. § 4346; *see also* Pa.R.C.P. 1915.12. In reviewing a trial court's finding on a contempt petition, we are limited to determining whether the trial court committed a clear abuse of discretion. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt.

*Flannery v. Iberti*, 763 A.2d 927, 929 (Pa. Super. 2000) (internal citations omitted). An abuse of discretion occurs when the trial court misapplies the law or exercises its discretion in a manner lacking reason. *Hyle v. Hyle*,

868 A.2d 601, 604 (Pa. Super. 2005) (citation omitted).

First, Mother contends that "[w]oven into [the language of the order] is the concept that the parties will communicate and arrive at an arrangement so that the [c]ourt is not required to micro-manage their affairs." Appellant's Br. at 7. Mother asserts that Father repeatedly ignored her requests to arrange visits with Son. According to Mother, Father made no attempt to comply with the court's order, despite numerous attempts by Mother and Intervenor to arrange partial custody. *See id.* at 7-9. Further, Mother maintains that Father's failure to comply was willful and intentionally disregarded the language providing Mother with visitation rights. *Id.* at 7-8.

> To sustain a finding of civil contempt, the complainant must prove certain distinct elements by a preponderance of the evidence: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.

*P.H.D. v. R.R.D.*, 56 A.3d 702, 706 n.7 (Pa. Super. 2012) (citation omitted).

In relevant part, the April 2015 order stated:

3.  That Mother… shall be entitled to partial physical custody as follows:

    a.  At such times as agreed to by the parties; and

    b.  Only under the supervision of a supervisor approved by Father.

Recommended Order of Court, 4/22/2015, at ¶ 3.

Here, the court found that the language authorizing Mother's partial

custody "at such times as agreed to by the parties" did not impose a duty upon Father to actively negotiate with Mother for periods of partial custody. TCO at 6. The court found the language to indicate that Mother may have custody *only* if the parties could agree upon such an arrangement. TCO at 6. According to the court, the order was so phrased "due to [Mother's] failure to appear for the custody hearing and due to her serious and lengthy history of drug abuse." *Id.* at 6. The court considered the testimony of the Child Custody Conference Officer, who expressed "grave concerns" regarding Mother's extensive history of drug abuse, Mother's failure to appear and testify at the custody hearing to address those concerns, and her continued failure to submit to previously ordered drug tests. *Id.* at 7.

As correctly noted by the trial court, any ambiguities in the order must be resolved in favor of the person charged with contempt. *Id.* (citing *Marian Shop, Inc. v. Baird*, 670 A.2d 671, 673 (Pa. Super. 1996) (noting that contradictory terms in an order whose specific terms have not been violated will not serve as the basis for a finding of contempt)). The trial court found that Father did not engage in any activity prohibited by the definite, clear, and specific language of the order to sustain a finding of contempt. TCO at 4. We agree. Here, the court's recommended order of April 2015 did not specifically command Father to actively negotiate with Mother. Accordingly, Father did not willfully violate any specific terms of the court's order. Accordingly, the trial court did not abuse its discretion.

Second, Mother contends that the court failed to include specific language suggesting a sanction or penalty for a party's failure to comply with the court's April 2015 order. **See** Appellant's Br. at 10. According to Mother, the court should have established conditions for Father to purge contempt, including make-up visitation. **See id.** at 11.

Initially, we note that the premise of Mother's argument is incorrect.

A court may exercise its civil contempt power to enforce compliance with its orders for the benefit of the party in whose favor the order runs but not to inflict punishment. A party must have violated a court order to be found in civil contempt. The complaining party has the burden of proving by a preponderance of evidence that a party violated a court order…. To impose civil contempt the trial court must be convinced beyond a reasonable doubt from the totality of evidence presented that the contemnor has the present ability to comply with the order.

**Garr v. Peters**, 773 A.2d 183, 189 (Pa. Super. 2001). Where the trial court declines to exercise its civil contempt power, the court is not required to impose conditions to purge contempt. **See, e.g., Flannery**, 763 A.2d at 929 (affirming trial court's decision to deny contempt petition despite alleged contemnor's "repeated flagrant violations" of the custody order).

As discussed above, we agree with the trial court's decision not to find Father in violation of any specific terms of the trial court's order. Notwithstanding, we note that the trial court modified the terms of its order to insure Mother will have opportunities for supervised visitation with her Son if she adheres to specific drug testing and monitoring. **See** Order,

8/22/2016, ¶¶ 3-4.[1]   In this way, the trial court effectively resolved ambiguities in the earlier order and provided Mother with visitation rights by adding more terms that are specific.   Accordingly, we discern no abuse of discretion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/2017

_____

[1] Notwithstanding, modifying the terms of the custody arrangement for the future was an appropriate way for the trial court to address issues with previous custody arrangements that were raised in a contempt petition. ***See, e.g., Flannery***, 763 A.2d at 930 (concluding that the trial court's "sound approach in substantively addressing past violations by modifying the custody arrangement for the future was an appropriate method of handling Mother's repeated recalcitrance and Father's justifiable concerns for [child's] safety.").