J-A16008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

RAFAELA LAPENTA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
JONATHAN FAGAN : No. 86 EDA 2025

Appeal from the Order Entered December 11, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2020-003280

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:              **FILED JULY 16, 2025**

Rafaela Lapenta (Mother) appeals from the order, entered in the Court

of Common Pleas of Delaware County, finding Appellee Jonathan Fagan

(Father) in willful contempt of the trial court's February 9, 2022,[1] August 10,

_____

[1] The February 9, 2022 order granted Mother's Emergency Petition for
Contempt of Custody Order, found Father in contempt, gave Mother fifteen
days of "make up time" for Father having withheld custody, prohibited the
parties from disparaging each other, disallowed email or text contact between
the parties, and denied Mother's request for attorneys' fees.

2022,[2] November 18, 2022,[3] and May 10, 2023[4] orders and sanctioning him $100.00 in attorneys' fees.[5] We affirm.

Mother and Father have been involved in a protracted and contentious custody battle for the past five years. On May 21, 2020, Mother filed a complaint for custody against Father seeking legal and physical custody of I.F. (born October 2010) and A.F. (born September 2014) (collectively, Children). Father is the biological father of I.F.; Mother is not the biological parent of I.F., but has *in loco parentis* status.[6] On July 5, 2023, Mother filed a contempt petition against Father alleging that that he has "willfully and intentionally violated [several custody] order[s]," and averring that Father "has already

_____

[2] The August 10, 2022 order appointed an evaluator to perform a full parental alienation evaluation of the parties and also ordered the parties to engage in co-parenting counseling.

[3] The November 18, 2022 order is an "agreed custody order" granting Mother the right to intervene, giving her primary physical custody of Children, and granting Mother and Father shared legal custody of Children. The order further grants Father supervised visits with Children every Sunday for three hours, continues Father's "unfettered daily [F]ace[T]ime and phone calls with [C]hildren," and resolved Mother's emergency petition to modify custody. Order, 11/18/22, at 1-2 (unpaginated).

[4] This is a "temporary agreed order" in consideration of Father's January 13, 2023 contempt petition and Mother's answer and counterclaim to Father's contempt petition. Among other things, the order grants Mother sole legal custody of Children, includes the parameters of Father's supervised visits, and notes that "Father shall no longer be entitled to 'unfettered' and 'unrestricted' telephonic communication with [C]hildren." Order, 5/10/23, at 1-2 (unpaginated).

[5] Father has not filed a brief on appeal.

[6] Mother and Father are the biological parents of A.F. Father also has a third child, T.F., who is not involved in this custody matter.

been found in contempt of this [c]ourt's order two times in the past eighteen months." Mother's Petition for Custody, 7/5/23, at 1, 5 (unpaginated). In her petition, Mother sought sanctions and "reasonable attorney's fees and costs," noting that they "are the only possible deterrent to get Father to cease his harmful behavior." *Id.* at 5-6. *See also id.* (Mother requesting "reimbursement of her counsel fees" and noting that, "[a]t the time of the hearing, Mother will provide the [c]ourt with a [c]ertification of [f]ees and [c]osts for the preparation and litigation of this pleading").

On August 15, 2023, Father filed an answer and counter-petition to Mother's contempt petition alleging that Mother, herself, has willfully violated the parties' custody orders numerous times. *See* Counter-Petition for Contempt, 8/15/23, at 5. On October 12, 2023, Father filed a contempt petition against Mother, alleging that she has been violating the parties' "May 10, 2023 Temporary Agreed Order" that permitted Father to have a daily ten-minute phone call with Children and that Mother has also been violating a modified order by outright refusing Father's calls, not letting Children talk to Father, or "inappropriately cutting off Father's calls." Father's Petition for Contempt, 10/12/23, at 1-2. In his petition, Father sought enforcement of the "call" orders and also asked to be reimbursed for counsel fees. *Id.* at 4.

The trial court held a five-day custody trial in May and August 2023, and October 2024; the court consolidated the parties' contempt matters with the trial. On December 10, 2024, the court entered a final custody order granting Mother *in loco parentis* status to I.F., granting Mother and Father joint legal

- 3 -

custody, Father primary physical custody, and Mother partial physical custody. On the same day, the court entered the instant order finding Father in contempt and imposing $100.00 in attorneys' fees as a sanction. The court simultaneously entered two orders finding Mother in willful contempt of the court's November 18, 2022 and May 10, 2023 orders and imposing $100.00 in attorneys' fees as sanctions in each order. *See* Order (Father's Contempt Petition), 12/11/24; Order (Father's Counterclaim), 12/11/24. On December 23, 2024, Mother filed a motion for reconsideration "of the Court's December 10, 2024 Final Custody and Contempt Orders." Motion for Reconsideration, 12/23/24. The trial court denied the motion on January 10, 2025.

Mother filed a timely notice of appeal[7] and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Mother raises the following issues for our review:

(1) Whether the trial court erred as a matter of law and/or abused its discretion in sanctioning Father only $100[.00] in counsel fees after finding him in contempt because:

(a) Father's repeated violation of the [c]ourt [o]rders were serious and substantial, warranting greater sanctions;

---

[7] Mother has also filed an appeal, at 85 EDA 2025, from the trial court's December 11, 2024 custody order. On January 28, 2025, Mother filed a motion to consolidate the two appeals where "[b]oth [o]rders center around the same child custody matter and are based upon the same record." Motion to Consolidate, 1/28/25, at 2 (unpaginated). Our Court denied Mother's motion to consolidate. *See* Order, 1/28/25 (denying consolidation, but listing appeals consecutively, where only one appeal is designated Children's Fast Track).

(b)    Mother's counsel fees incurred in pursuing her contempt filings far exceeded $100[.00];

(c)    The [c]ourt's sanction of $100[.00] in counsel fees is tantamount to a refusal to impose any sanction at all (especially in light of the fact the [c]ourt fined Mother same amount for much less serious and fewer violations); and

(d)    The trial court's *de minim*[*i*]*s* sanction for Father's flagrant and repeated violations of [c]ourt [o]rders permitted Father to engage in disobedience of the [c]ustody [o]rders, which constitutes an abuse of discretion by misapplying the law and exercising its discretion without reason.

Appellant's Brief, at 4.

Mother argues that the court should have imposed greater sanctions for Father's contemptuous conduct due to the "severity and frequency" with which Father violates court orders. Appellant's Brief, at 14. Mother asserts that the court's "nominal sanction" will not deter Father from committing future contempt, does not adequately compensate her for the actual legal expenses she has incurred, and "undermines the authority of the court's orders." *Id.*

Enforcement of custody orders though the contempt process is provided for in Pennsylvania Rule of Civil Procedure 1915.12. "A court may exercise its civil contempt power to enforce compliance with its orders for the benefit of the party in whose favor the order runs but not to inflict punishment." *Sinaiko v. Sinaiko*, 664 A.2d 1005, 1009 (Pa. Super. 1995).

When considering an appeal from an [o]rder holding a party in contempt for failure to comply with a court [o]rder, our scope of review is narrow: we will reverse only upon a showing the court abused its discretion. *Hyle v. Hyle*, [] 868 A.2d 601 (Pa. Super. 2005)[.] The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. *Id.* To be in contempt, a party must have violated a court [o]rder, and the

- 5 -

complaining party must satisfy that burden by a preponderance of the evidence. **_Id._**

**_Harcar v. Harcar_**, 982 A.2d 1230, 1234 (Pa. Super. 2009), citing **_Hopkins v. Byes_**, 954 A.2d 654, 655-56 (Pa. Super. 2008).

Section 5323 of Pennsylvania's Domestic Relations Code governs punishment for contempt in custody actions as follows:

> **(g) Contempt for noncompliance with any custody order.**
>
> **(1)** A party who willfully fails to comply with any custody order may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:
>
>> **(i)** Imprisonment for a period of not more than six months.
>>
>> **(ii)** A fine of not more than $500.
>>
>> **(iii)** Probation for a period of not more than six months.
>>
>> **(iv)** An order for nonrenewal, suspension, or denial of operating privilege under section 4355 (relating to denial or suspension of licenses).
>>
>> **(v) Counsel fees and costs**.

23 Pa.C.S.A. § 5323(g)(1) (emphasis added and in original). Under section 5323, counsel fees are a proper sanction for contempt for noncompliance with a custody order. **_See id._** at § 5323(g)(1)(v); **_see also Rhoades v. Pryce_**, 874 A.2d 148, 152 (Pa. Super. 2005) (imposition of counsel fees constitutes contempt sanction).

> Attorney fees may be assessed as a sanction for [a] contemnor's refusal to comply with a court [o]rder, causing the innocent party to incur fees in an effort to obtain what was rightfully his. **_See_** 42 Pa.C.S.A. § 2503 [(Right of participants to receive counsel fees)]; **_Rhoades_**[, **_supra_**]; **_see also Goodman v. Goodman_**, [] 556 A.2d 1379 [(Pa. Super. 1989).]

**_Harcar_**, 982 A.2d at 1234.

In its Rule 1925(a) opinion, the trial court justified its award of attorneys' fees as Father's contempt sanction as follows:

> In assessing the reasonableness of counsel fees, this [t]rial [c]ourt primarily focused on Father's conduct and the relative merits of Mother's claims. []Additionally, attention was given as to what amount, if any, would be a fair and appropriate means of deterring further contempt[uous] conduct by Father or serve as an appropriate punitive sanction in light of the evidence of record. There is no doubt that Father has engaged in repetitive contempt of this [t]rial [c[ourt's [o]rders and that his lengthy campaign of defiance of those same [o]rders has affected the best interests of the children[. H]owever, this [t]rial [c]ourt has also balanced Father's repetitive conduct with other equally substantial concerns, namely multiple findings of contempt against Mother, the vengeful and "tit-for-tat" nature of the parties' actions throughout the litigation, the time and effort expended by Mother's attorney to prosecute the contempt petition[,] and the quality of those legal services, as well as the results achieved, namely the contempt finding.
>
> The [t]rial [c]ourt determined that it is not reasonable for Mother to be granted substantial counsel fees against Father when she was simultaneously found in contempt on December 10, 2024. Higher awards against both parents would[,] at best[,] render[] cross-payments moot and[,] at worst[,] be[] a mockery of the intended purpose of the statute.
>
> \* \* \*
>
> The [t]rial [c]ourt determined that the most reasonable result would be to award *de minimis* counsel fees with the sole purpose of emphasizing to the parties that they focus less on damaging each other financially, but rather on improving their behavior.
>
> There was also no evidence that Mother's attorney expended any additional time to litigate this contempt petition[,] since it was consolidated with the custody trial and the record did not contain any evidence that Mother's attorneys prepared or litigated the petition separately from the trial as a whole. Additionally, Mother's counsel failed to submit a certification of counsel fees specific to the contempt petition at the conclusion of trial.

Finally, as exhaustively analyzed in this [c]ourt's [f]inal [o]rder dated December 10, 2024, the record supports the finding that both parties have engaged in extremely manipulative, vindictive[,] and malicious conduct fueling their mutual failure to comply with orders of this [c]ourt. Therefore, this [tr]rial [c]ourt was unable to discern from the evidence of record any reasonable basis to have awarded counsel fees to Mother in an amount higher than $100[.00].

Trial Court Opinion, 2/11/25, at 2-4.

We conclude that the trial court did not abuse its discretion in imposing sanctions against Father in the amount of $100.00 in attorneys' fees. As the trial judge points out, Mother has also been found in contempt of various court orders in this custody matter.[8] Moreover, the amount of attorneys' fees the court awarded Mother was reasonable in light of the fact that there was no evidence that Mother's attorney expended more time or money to litigate the contempt petition when it was consolidated with the lengthy custody proceedings.[9] Finally, the court's order conforms to the purpose of civil

---

[8] In her brief, Mother supports her argument with caselaw in which the trial court found a party in contempt, but failed to impose any sanctions. *See* Appellant's Brief, at 28-30. Here, we emphasize that the court *did* impose sanctions by ordering Father pay counsel fees. *See* 23 Pa.C.S.A. § 5323(g)(1)(v).

[9] Mother states in her brief that "the trial court's sanction is particularly unjust given the extensive legal fees [she has] incurred in enforcing her custodial rights" and that she "has been forced to litigate multiple contempt proceedings due to Father's ongoing conduct." Appellant's Brief, at 27. While there is a certification for Mother's attorneys' fees with regard to her earlier January 2022 emergency contempt petition, Mother fails to provide anything to support the amount of costs and fees she has incurred on the instant petition. *See* Mother's Exhibit 7, 2/9/22 (Certification of Plaintiff's Accounting of Attorneys' Fees and Costs incurred for Mother's emergency contempt petition for relevant "period in question," 1/17/22 to 2/8/22).

contempt sanctions—to reimburse and coerce, not punish. ***Wood v. Geisenhemer-Shaulis***, 827 A.2d 1204, 1208 (Pa. Super. 2003).

We commend the trial court for its sensible and practical approach in handling the parties' competing contempt petitions that, no doubt, was done in an effort stave off future contemptuous behaviors between these feuding parties. ***See Brocker v. Brocker***, 241 A.2d 336, 339 (Pa. 1968) (where purpose of contempt sanction is to coerce compliance, court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired"); ***see also Hopkins***, 954 A.2d at 659 (our Court finding trial judge "wisely reasoned" imposition of reasonable attorneys' fees as sanction for contempt in custody case encourages parties to try and work together in best interests of child). Having placed "great reliance on the sound discretion of the trial judge," ***Flannery v. Iberti***, 763 A.2d 927, 929 (Pa. Super. 2000), we find no abuse of discretion in the court's contempt order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2025